# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Respondent/Plaintiff,<br>　　v.<br>ALLAN LAL,<br><br>　　　　Petitioner/Defendant. | Case No. 2:12-cr-00193-KJD-CWH<br><br>**ORDER** |

Presently before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 (##87, 88). The Government filed a response (#90) to which Petitioner replied (#91).

I. Background

On June 19, 2012, Petitioner pled guilty to one count of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a) and 846, one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, one count of Hobbs Act robbery and aiding and abetting under 18 U.S.C. § 1951, and one count of use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). Petitioner had a total offense level of 25 and criminal history category of I, with a corresponding guideline range of 60–71 months,

followed by an additional 84-month consecutive sentence, due to the 924(c) sentence enhancement. Without the 924(c) enhancement, Petitioner would have had a total offense level of 25 and criminal history category of I, with a corresponding guideline range of 60–71 months, and no additional 84-month consecutive sentence. Petitioner seeks relief from his sentencing enhancement imposed under 924(c), arguing he is no longer eligible for it based on a new, substantive rule retroactively applicable to cases on collateral review.

II. Analysis

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). When a petitioner seeks relief pursuant to a right recognized by a United States Supreme Court decision, a one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief.

    *A. Johnson v. United States Invalidates 18 U.S.C. § 924(c)(3)(B)*

As an initial matter, this Court finds that Johnson, in light of Dimaya, holds 924(c)'s residual clause unconstitutional. On June 26, 2015, the United States Supreme Court decided Johnson v. United States, finding the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. See Johnson v. U.S., 135 S. Ct. 2551, 2557 (2015). On April 18, 2016, the Supreme Court held Johnson announced a new, substantive rule that has retroactive effect on cases on collateral review. See Welch v. U.S., 136 S. Ct. 1257, 1268 (2016). On June 20, 2016, within the one-year statute of limitations, Petitioner filed the present motion based on the new, retroactively applicable rule announced in Johnson.

On April 17, 2018, the United States Supreme Court decided Sessions v. Dimaya,

No. 15–1498, slip op. (Apr. 17, 2018), finding the residual clause of 18 U.S.C. § 16(b) to be unconstitutionally vague. The Supreme Court did so by expanding the logic of Johnson, stating §16's residual clause violates the Constitution's guarantee of due process in the same way the ACCA's residual clause did. Dimaya, No. 151498, slip op., at 8–9. Based on the Court's willingness to expand the reach of Johnson to § 16(b) because it too shares the same fatal features the ACCA's residual clause possesses, it follows that Johnson must logically apply to 924(c), to invalidate its identical residual clause.

### B. *Johnson Does Not Entitle Petitioner to Relief*

Petitioner argues that in light of Johnson and the chain of precedent that flows from it, his Hobbs Act robbery conviction may no longer be considered a predicate "crime of violence" warranting an enhancement under 924(c). While the Supreme Court has made clear that the 924(c)(3)(B) residual clause is seemingly unconstitutional, Johnson and its progeny have no effect on Petitioner's conviction because Hobbs Act robbery is decidedly a crime of violence under the constitutional 924(c)(3)(A) force clause. On May 23, 2016, the Ninth Circuit decided Howard v. United States, 650 Fed. Appx. 466 (9th Cir. May 23, 2016, amended Jun. 24, 2016) (unpublished),[1] holding Hobbs Act robbery is a crime of violence under the constitutional force clause of 924(c)(3)(A). There, like Petitioner here, the defendant argued Hobbs Act robbery could be committed by "fear of injury," thus making it not a categorical match for the 924(c)(3)(A) force clause. However, the Ninth Circuit held this argument was "unpersuasive

---

[1] While Howard was not chosen for publication, it is of note because it was decided after Johnson. Thus, it validates the previous logic of Ninth Circuit decisions issued prior to Johnson, finding Hobbs Act robbery qualifies as a crime of violence under the constitutional 924(c)(3)(A) force clause. Additionally, many courts throughout the district have found Howard persuasive and held Hobbs Act Robbery qualifies as a crime of violence. See, e.g., U.S. v. Ali, 2017 WL 3319115 (D. Nev. Aug. 3, 2017); U.S. v. Stain, 2017 WL 2974951 (D. Nev. July 12, 2017); U.S. v. Mendoza, 2017 WL 2200912 (D. Nev. May 19, 2017); U.S. v. Hayes, 2017 WL 58578 (D. Nev. Jan 5, 2017); U.S. v. Loper, 2016 WL 4528959 (D. Nev. Aug. 29, 2016); U.S. v. Barrows, 2016 WL 4010023 (D. Nev. July 25, 2016).

and . . . foreclosed by" the court's previous published decision in United States v. Selfa, 918 F.2d 849 (9th Cir. 1990).

Thus, Petitioner's Hobbs Act robbery conviction is unquestionably a qualifying crime of violence. As such, his previously-imposed sentence including the enhancement under 924(c) must stand.

*C. Certificate of Appealability*

In order for Petitioner to assert a right to appeal this final order, he must first warrant a certificate of appealability. 28 U.S.C. §2253(b), (c)(1). To do so, Petitioner must make "a substantial showing of the denial of a constitutional right," and "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Petitioner has not demonstrated a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that Petitioner's motion lacks merit. Thus, this Court denies Petitioner a certificate of appealability.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 (##87, 88) is **DENIED**.

Dated this 14th day of May, 2018.

_____
Kent J. Dawson
United States District Judge